```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
FALLS LAKE NATIONAL INSURANCE                               :   MEMORANDUM
COMPANY,                                                    :   DECISION AND ORDER
                                                            :
                        Plaintiff,                          :   20-cv-4576 (BMC)
                                                            :
        - against -                                         :
                                                            :
BIG BROTHER CONSTRUCTION LTD., et al.,                      :
                                                            :
                        Defendants.                         :
                                                            :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

This matter is before the Court on the plaintiff's motion for a declaratory judgment by default, the Clerk having duly noted defendants' default under Fed. R. Civ. P. .55(a). The case is a diversity action in which plaintiff insurance company ("Falls Lake") seeks a declaration that it is not obligated to defend or indemnify its insured, Big Brother Construction LTD. and its proprietor, Mohammed Sanaullah (collectively, "Big Brother"), in an underlying state court personal injury action. In the underlying action, one of Big Brother's employees, Kamal Hossain, allegedly fell off a ladder while working for Big Brother. Big Brother, in turn, was a general or sub-contractor working for the owners, managers, or general contractor of the property, which I will collectively refer to as Remeeder Houses or Remeeder. Hossain sued Remeeder for his injuries, and Remeeder impleaded Big Brother for contribution or indemnification.

Falls Lake's two disclaimer letters offer a litany of reasons why coverage is not available, but on this default judgment motion, Falls Lake is relying on three. First, the policy has an

exclusion for injuries suffered by employees in the course of their employment. Hossain's complaint clearly alleges that he was working for Big Brother at the time of his injury. Second, the contract pursuant to which Big Brother was performing its work covered activity beyond the scope of the policy. The policy was limited to vocational codes for carpentry, dry wall or wallboard installation, masonry, and painting. Third, Falls Lake asserts that Big Brother failed to comply with the notice of claim requirement in the policy. That provision requires notice to Falls Lake "as soon as practicable of an occurrence … may result in a claim." Falls Lake has shown that Big Brother received notice of the accident on October 5, 2017, but did not provide notice to Falls Lake until April 28, 2019.

In light of defendant's default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. <u>See</u>  . However, although the underlying facts are deemed true, the legal conclusion of whether Falls Lake has a duty to defend or indemnify under the policy remains for me to determine. <u>See</u>  .

I can think of some possible defenses to Falls Lake's disclaimer on the grounds of the work covered under the policy and the timeliness of notice. As to the former, it is not clear to me that the scope of Big Brother's contract with Remeeder, rather than the work Hossain was actually performing, is determinative of whether coverage was triggered. <u>See</u>  . Falls Lake's memorandum of law does not refer me to anyplace in the record describing what Hossain was doing at the time he fell, other than calling it "certain construction work." The allegation in the original complaint on which it relies is the usual boilerplate construction accident language, stating that Hossain was performing "construction, demolition, excavation, erection, repairing, altering, painting, cleaning, and/or pointing work … ." It seems to me that masons do pointing, and the allegation covers painting, so if Hossain was doing either of those things at the time he

fell, and the policy is interpreted on a task rather than scope-of-the-contract basis, I do not see why there would not be coverage. Similarly, with regard to the inadequate notice argument, Falls Lake has demonstrated no prejudice from the delayed notice, which might also constitute a defense.

However, I am going to grant the default judgment motion for two reasons. First, with Big Brother having decided to default (and Remeeder also having defaulted), it is not up to me to act as their lawyer and come up with possible defenses. See Greathouse (2d Cir, Korman, J. concurring) [quote to the effect that there is something wrong when the district court in a default situation acts as the defendant's lawyer]. Having elected to default, defendants have waived their right to assert arguments that the record might suggest but does not establish.

Second, I do not see an argument to rebut the employee exclusion. This exclusion has been frequently applied by New York state and federal courts. See    . The underlying pleadings leave no doubt that Hossain was employed by Big Brother, performing work on its behalf for the benefit of Remeeder, at the time he fell.

Accordingly, the motion for a default judgment is granted. Pursuant to Rule 58(a), I will separately file a declaratory judgment decreeing that Falls Lake has no obligation to defend or indemnify Big Brother with regard to the underlying state court action.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       December 14, 2020

3